1  ERIN E. SCHNEIDER (Cal. Bar No. 216114)
   TRACY L. DAVIS (Cal. Bar No. 184129)
2    davistl@sec.gov
   ROBERT L. TASHJIAN (Cal. Bar No. 191007)
3    tashjianr@sec.gov
   MATTHEW G. MEYERHOFER (Cal. Bar No. 268559)
4    meyerhoferm@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2800
   San Francisco, CA 94104
7  (415) 705-2500

8

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

   SECURITIES AND EXCHANGE COMMISSION,          Case No. 19-cv-04241
13
                 Plaintiff,
14                                              **CONSENT OF DEFENDANT**
        vs.                                     **FACEBOOK, INC. TO ENTRY**
15                                              **OF FINAL JUDGMENT**
   FACEBOOK, INC.
16
                 Defendant.
17

18

19       1.      Defendant Facebook, Inc. ("Defendant") waives service of a summons and the

20  complaint in this action, enters a general appearance, and admits the Court's jurisdiction over

21  Defendant and over the subject matter of this action.

22       2.      Without admitting or denying the allegations of the complaint (except as

23  provided herein in Paragraph No. 11 and except as to personal and subject matter jurisdiction,

24  which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the

25  form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among

26  other things:

27            (a)      permanently restrains and enjoins Defendant from violations of

28            Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities

1  Act") [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] and Section 13(a) of the

2  Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)]

3  and Rules 12b-20, 13a-1, 13a-13, and 13a-15(a) [17 C.F.R.

4  §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-15(a)] thereunder;

5  and

6  (b)  orders Defendant to pay a civil penalty in the amount of $100,000,000.00

7  under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and

8  Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

9  3.  Defendant agrees that it shall not seek or accept, directly or indirectly,

10  reimbursement or indemnification from any source, including but not limited to payment made

11  pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

12  pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

13  are added to a distribution fund or otherwise used for the benefit of investors. Defendant further

14  agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

15  federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

16  Judgment, regardless of whether such penalty amounts or any part thereof are added to a

17  distribution fund or otherwise used for the benefit of investors.

18  4.  Defendant waives the entry of findings of fact and conclusions of law pursuant to

19  Rule 52 of the Federal Rules of Civil Procedure.

20  5.  Defendant waives the right, if any, to a jury trial and to appeal from the entry of

21  the Final Judgment.

22  6.  Defendant enters into this Consent voluntarily and represents that no threats,

23  offers, promises, or inducements of any kind have been made by the Commission or any

24  member, officer, employee, agent, or representative of the Commission to induce Defendant to

25  enter into this Consent.

26  7.  Defendant agrees that this Consent shall be incorporated into the Final Judgment

27  with the same force and effect as if fully set forth therein.

28

CONSENT
*SEC V. FACEBOOK, INC.*    -2-    SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104 (415) 705-2500

1    8.    Defendant will not oppose the enforcement of the Final Judgment on the ground,

2  if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

3  hereby waives any objection based thereon.

4    9.    Defendant waives service of the Final Judgment and agrees that entry of the Final

5  Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

6  of its terms and conditions. Defendant further agrees to provide counsel for the Commission,

7  within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

8  or declaration stating that Defendant has received and read a copy of the Final Judgment.

9    10.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims

10  asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or

11  representation has been made by the Commission or any member, officer, employee, agent, or

12  representative of the Commission with regard to any criminal liability that may have arisen or

13  may arise from the facts underlying this action or immunity from any such criminal liability.

14  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

15  including the imposition of any remedy or civil penalty herein. Defendant further acknowledges

16  that the Court's entry of a permanent injunction may have collateral consequences under federal

17  or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

18  other regulatory organizations. Such collateral consequences include, but are not limited to, a

19  statutory disqualification with respect to membership or participation in, or association with a

20  member of, a self-regulatory organization. This statutory disqualification has consequences that

21  are separate from any sanction imposed in an administrative proceeding. In addition, in any

22  disciplinary proceeding before the Commission based on the entry of the injunction in this

23  action, Defendant understands that it shall not be permitted to contest the factual allegations of

24  the complaint in this action.

25    11.    Defendant understands and agrees to comply with the terms of 17 C.F.R.

26  § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

27  or respondent to consent to a judgment or order that imposes a sanction while denying the

28

1    allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

2    equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

3    the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e),

4    Defendant: (i) will not take any action or make or permit to be made any public statement

5    denying, directly or indirectly, any allegation in the complaint or creating the impression that the

6    complaint is without factual basis; (ii) will not make or permit to be made any public statement

7    to the effect that Defendant does not admit the allegations of the complaint, or that this Consent

8    contains no admission of the allegations, without also stating that Defendant does not deny the

9    allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in

10    this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely

11    for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code,

12    11 U.S.C. § 523, that the allegations in the complaint are true. If Defendant breaches this

13    agreement, the Commission may petition the Court to vacate the Final Judgment and restore this

14    action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial

15    obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in

16    which the Commission is not a party.

17         12.      Defendant hereby waives any rights under the Equal Access to Justice Act, the

18    Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

19    seek from the United States, or any agency, or any official of the United States acting in his or

20    her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

21    expenses, or costs expended by Defendant to defend against this action. For these purposes,

22    Defendant agrees that Defendant is not the prevailing party in this action since the parties have

23    reached a good faith settlement.

24         13.      Defendant agrees that the Commission may present the Final Judgment to the

25    Court for signature and entry without further notice.

26

27

28

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 6/25/2019                              Facebook, Inc.


By: _____

Colin Stretch
Vice President
Facebook Inc.
575 Seventh St., NW


On ___6/25___, 2019, Colin Stretch, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Facebook, Inc. as its Vice President.


_____
Notary Public
Commission expires:


Approved as to form:

_____
Benjamin Neaderland, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-663-6000
*Attorney for Defendant*