| | |
|---|---|
| 1 | MICHAEL S. LIM (Va. Bar No. 76385) |
| 2 | limm@sec.gov |
|   | Attorney for Plaintiff |
| 3 | SECURITIES AND EXCHANGE COMMISSION |
|   | 100 F St, NE |
| 4 | Washington, D.C. 20549 |
|   | (202) 551-4659 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  3:19-cv-04241-JD |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO ESTABLISH A FAIR FUND, APPOINT A TAX ADMINISTRATOR AND DISTRIBUTION AGENT, AND APPROVE FUTURE FEES AND EXPENSES |
| vs. | |
| FACEBOOK, INC. | Hearing Date:  August 20, 2020 |
| Defendant. | Time:  10:00 am PST |
| | Courtroom: 11 |
| | Judge: James Donato |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF AN ORDER TO ESTABLISH A FAIR FUND, APPOINT A TAX ADMINISTRATOR AND A DISTRIBUTION AGENT AND APPROVE FUTURE FEES AND EXPENSES**

**NOTICE OF MOTION AND MOTION:**

PLEASE TAKE NOTICE that, on August 20, 2020, at 10:00 am PST or as soon thereafter as possible in Courtroom 11, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California Plaintiff, the United States Securities and Exchange Commission ("Plaintiff" or the "SEC") will and hereby does upon the accompanying Motion, Memorandum, and Proposed Order, move this Court for an Order requesting the following relief: (1) establishing a Fair Fund pursuant to Section 308(a) of

SECURITIES AND EXCHANGE
COMMISSION
100 F ST, NE
WASHINGTON, DC 20549
(202) 551-4659

SEC v. FACEBOOK, INC.                                           1

1  the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7246(a)] (the "Fair Fund"); (2) appointing Miller
2  Kaplan Arase LLP ("Miller Kaplan") as Tax Administrator with respect to the Fair Fund; (3)
3  appointing RCB Fund Services ("RFS") as Distribution Agent; and (4) authorizing the SEC to
4  approve and direct the payment of taxes and administration fees and expenses from the Fair Fund
5  without further Court Order.

## MEMORANDUM OF LAW

### A.  Background

On July 24, 2019, the SEC filed a complaint (the "Complaint") (ECF No. 1) against Facebook, Inc. ("Facebook" or "Defendant") in which the SEC alleged, among other things, that Facebook made misleading statements in its public filings from 2016 until mid-March 2018 about the misuse of its users' data.  As a result of Defendant's conduct, including the misleading statements made in Facebook's periodic filings with the SEC, the SEC asserted violations of Sections 17(a)(2) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77q(a)(2) and 77q(a)(3)], violations of Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1, and 240.13a-13], and violations of Rule 13a-15(a) of the Exchange Act [17 C.F.R. §240.13a-15(a)].  On August 22, 2019, the Court entered an agreed-upon final judgment ("Final Judgment") (ECF No. 11), ordering Facebook to pay a $100 million civil penalty, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant has since paid the entire amount of the Final Judgment, which resides in an interest-bearing account at the U.S. Treasury's Bureau of Fiscal Service ("BFS").

As laid out more fully below, the SEC respectfully requests an Order: (1) that a Fair Fund be established pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010 [15 U.S.C. § 7246(a)] ("Sarbanes-Oxley Act"); (2) that Miller Kaplan Arase LLP ("Miller Kaplan"), a certified public accounting firm, with an office in San Francisco, California, be appointed as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns with respect to the Fair Fund; (3) that RCB Fund Services, LLC ("RFS") be appointed as Distribution Agent of the Fair Fund in order to assist in SEC v. FACEBOOK, INC.                                    2

SECURITIES AND EXCHANGE
COMMISSION
100 F ST, NE
WASHINGTON, DC 20549
(202) 551-4659

1  developing a plan of distribution and oversee the distribution of the Fair Fund; and (4) that
2  authorizes the payment of future taxes and administration fees and expenses from the Fair Fund
3  without further Court Order, with respect to funds under this Court's jurisdiction in this case. The
4  SEC intends to apply to the Court for an Order approving a distribution of collected funds, and the
5  establishment of a Fair Fund and appointment of the Tax Administrator are necessary to ensure
6  that the funds are maintained and distributed in compliance with federal and state tax laws.

**B.    The Court Should Establish a Fair Fund**

The SEC moves this Court to establish a Fair Fund for the $100 million in civil penalties collected from Defendant, plus accrued interest and earnings, pursuant to Section 308(a) of the Sarbanes-Oxley Act, which provides that:

> If, in any judicial or administrative action brought by the Commission under the securities laws, the Commission obtains a civil penalty against any person for a violation of such laws, or such person agrees, in settlement of any such action, to such civil penalty, the amount of such civil penalty shall, on the motion or at the direction of the Commission, be added to and become part of a disgorgement fund or other fund established for the benefit of the victims of such violation.

See 15 U.S.C. § 7246(a). The SEC brought this action under the federal securities laws, and this Court ordered payment of civil penalties, the entirety of which has been paid pursuant to the Final Judgment. Accordingly, the requirements of Section 308(a) of the Sarbanes-Oxley Act, have been satisfied, and the Court should establish a Fair Fund to facilitate the distribution of the funds to investors harmed by Defendant's conduct.

The creation of a Fair Fund is a precursor to creating a plan of distribution for Court approval and ultimately distributing funds to victims of the violations of the securities laws. The SEC intends to develop a distribution plan ("Plan"), and to seek Court approval of the Plan.

**C.    The Court Should Appoint Miller Kaplan Arase LLP as Tax Administrator**

The Fair Fund is a Qualified Settlement Fund ("QSF") under section 468B(g) of the

SEC v. FACEBOOK, INC.                                                     3

1  Internal Revenue Code (IRC), 26 U.S.C. §468B(g), and related regulations. A Tax Administrator,
2  should be appointed on behalf of the Fair Fund, and authorized to take all necessary steps to enable
3  the Fair Fund to obtain and maintain the status of a taxable QSF, including the filing of all required
4  elections and statements contemplated by those provisions. The Tax Administrator will cause the
5  Fair Fund to pay taxes in a manner consistent with treatment of the Fair Fund as a QSF. The
6  reasonable costs, fees, and other expenses incurred in the performance of the Tax Administrator's
7  duties would be paid by the Fair Fund in accordance with the agreement between the SEC and the
8  Tax Administrator.
9  The SEC recommends the appointment of Miller Kaplan, which is experienced in the
10 taxation of QSFs and has agreed to reasonable fees for its services. In summary, the current
11 agreement with Miller Kaplan provides for compensation for services and expenses as follows:

| SERVICE | FIXED FEE |
|---|---|
| Income tax returns, including items 1-6 (below). | $1,600 |
| Income tax returns, including items 1-6 (below), for funds with assets of $120,000 or less, or are open and closed within the same calendar year. | $700 |
| Loss Carryback (claim for refund) returns | $550 |

Fixed fee tax compliance services include:

1. Obtain a federal tax identification number for the QSF.
2. Prepare and file federal and state income tax returns, as required.
3. Where required, calculate quarterly estimated tax payments and provide information to the Court so that payments may be made timely.
4. Make arrangements with the SEC or its agents to pay tax liability.
5. Calculate and recommend retention of a reserve, if necessary, for penalties and interest to be assessed as a result of any late filing of tax returns and late payment of taxes.
6. Determine and comply with tax reporting obligations of the QSF relating to

SEC v. FACEBOOK, INC.                                4                          SECURITIES AND EXCHANGE
                                                                                COMMISSION
                                                                                100 F ST, NE
                                                                                WASHINGTON, DC 20549
                                                                                (202) 551-4659

distributions or payments to vendors, if applicable.

Miller Kaplan has served as a tax administrator on numerous QSF's established by the SEC. The SEC respectfully requests that the Court appoint Miller Kaplan as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to the Fair Fund under this Court's jurisdiction.

### D. The Court Should Appoint RCB Fund Services LLC as Distribution Agent

The SEC requests an Order appointing RFS as the Distribution Agent for the Fair Fund to (1) facilitate the development of a distribution plan; and (2) implement and administer any distribution in this case. If appointed, the appointed distribution agent will work with SEC staff to prepare a distribution plan for the Fair Fund for submission for Court approval, which would include a fair and reasonable methodology for allocating the available funds to harmed investors. In addition, the appointed distribution agent would identify harmed investors through a claims process; quantify losses and distribution amounts, and distribute the amounts to eligible investors; respond to investor and distribution related inquiries; and, work with the appointed Tax Administrator to ensure the Fair Fund complies with all related legal and regulatory requirements, including but not limited to, satisfying any reporting or withholding requirements imposed on distributions from the Fair Fund.

RFS is a member of a pool of administrators approved by the SEC for recommendation to courts in civil proceedings. The SEC knows from prior experience working with RFS, that RFS is very qualified for the tasks required of a distribution plan and that RFS will be fair, efficient, cost-effective, and timely in its efforts. More specifically, RFS has extensive experience with the administration of distributions, including drafting and finalizing distribution plans, defining eligibility and the measure of damages, collecting and validating information from claimants, remitting payments, and handling all related audit and reporting processes. RFS also has extensive experience in developing plans of allocation related to other SEC cases.

The SEC's specific recommendation of RFS for this matter is based on a process in which SEC staff solicited, reviewed and analyzed distribution cost proposals from prospective distribution agents in the approved pool, including a pricing schedule that will allow SEC staff to

SEC v. FACEBOOK, INC.                                                       5

monitor invoices and the costs of administering this distribution. RFS has an agreement with the SEC in which it has agreed, if selected as the distribution agent, to be bound by the terms of the distribution cost proposal that it submitted to the SEC staff in connection with this matter. This process led the SEC to conclude that RFS is highly qualified for this distribution and that its pricing is competitive and reasonable.

RFS does not have any conflicts of interest that would keep it from fully and fairly exercising its duties as the distribution agent for the proposed Fair Fund. If appointed by the Court, RFS will take affirmative steps to ensure that any entities or individuals engaged, if any, by RFS also have no such conflicts of interest.

Once the distribution plan is approved, RFS will provide the Court with a status report and accounting, in a format to be provided by the SEC staff, within twenty (20) days after the end of each calendar quarter. Such an accounting will inform the Court and the SEC of the status of the Fair Fund and the activities of RFS, and shall specify, at a minimum, the location of the account(s) comprising the Fair Fund, the value of those account(s), all monies earned or received into the account(s), any monies expended to satisfy fees, costs, taxes and other expenses incurred in the implementation of the distribution plan, and any monies distributed to investors under the distribution plan.

Upon completing its duties as a distribution agent, RFS, working with the Tax Administrator, will prepare a final report and final accounting for the Fair Fund, to be reviewed and approved by SEC prior to filing with the Court. The Distribution Agent shall send any remaining funds that have not been distributed in this matter to the SEC for transmittal to the United States Treasury upon order of this Court.

RFS may be removed *sua sponte* at any time by the Court or upon motion of the SEC and replaced with a successor. In the event RFS decides to resign, it will first give written notice to the Court and to the SEC of such intention, and the resignation, if permitted, will not be effective until the Court appoints a successor.

E.   **The Court Should Authorize the Payment of Tax Obligations and Administrative Fees and Expenses without Further Court Order**

1  In order to ensure timely payments of tax obligations and the fees and expenses of the Tax Administrator and the Distribution Agent, the SEC further requests that SEC staff be authorized to approve and arrange payment of taxes and all administrative fees and expenses from the Fair Fund without further Court approval. Authorizing SEC staff to approve and pay future fees and expenses of the Tax Administrator and Distribution Agent from the Fair Fund without prior Court approval will prevent unnecessarily using the Court's time and resources and expedite the payment process, reducing the risk of late tax payments and penalties.

The Tax Administrator and Distribution Agent have agreed to provide invoices and/or requests for tax payments for review and approval by the SEC, together with supporting documents to justify the tax, expenses or services rendered. Prior to authorizing payment from the Fair Fund, SEC staff will carefully review each invoice to ensure that the work completed by the Tax Administrator and Distribution Agent is in accordance with the cost proposals agreed to by each of the respective entities. Should there be any disputes between the SEC and Miller Kaplan and/or RFS with respect to an invoiced amount, the SEC will refer the objection to the Court, for resolution of the objection by appropriate Court order. All expenditures from the Fair Fund will be reported to this Court in the final accounting of the Fair Fund once the distribution is complete.

WHEREFORE, for all the foregoing reasons, the SEC respectfully requests that this Court enter the proposed Order and grant such other relief as the Court deems just and proper.

Dated: July 14, 2020

Respectfully submitted,

/s/ Michael S. Lim
Michael S. Lim
Attorney for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
Division of Enforcement, Office of Distributions
100 F. Street, N.E.
Washington, D.C. 20549
Tel: (202) 551-4659
Email: limm@sec.gov

SEC v. FACEBOOK, INC.                                                7

SECURITIES AND EXCHANGE
COMMISSION
100 F ST, NE
WASHINGTON, DC 20549
(202) 551-4659

# CERTIFICATE OF SERVICE

I, Michael S. Lim, am a citizen of the United States, over 18 years of age and am a party to this action.

On July 14, 2020, the following:

**Notice of Motion and Motion to Establish Fair Fund, Appoint a Tax Administrator and Distribution Agent, and Approve Future Fees and Expenses**

and

**Proposed Order to Establish Fair Fund, Appoint a Appoint a Tax Administrator and Distribution Agent, and Approve Future Fees and Expenses**

were filed with the Clerk of the Court via CM/ECF in SEC v. Facebook, Inc., Case No. 3:19-cv-04241-JD.

Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing system.

I served the foregoing in the SEC v. Facebook, Inc. matter via U.S. Mail to the following:

Facebook, Inc. c/o Benjamin Neaderland, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006

I declare under penalty of perjury that the statements made above are true and correct.

Executed in Washington, DC on July 14, 2020.

_____
Michael S. Lim

SEC v. FACEBOOK, INC.                  8                  SECURITIES AND EXCHANGE
                                                          COMMISSION
                                                          100 F ST, NE
                                                          WASHINGTON, DC 20549
                                                          (202) 551-4659